IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM S. SOWARDS,

      Petitioner,

  v.

GARY C. MOHR, et al.,

      Respondent.

CASE NO. 2:16-CV-00329
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Transfer Second or Successive Petition, Petitioner's Response in Opposition, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Transfer Second or Successive Petition (Doc. 6) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

    I.    FACTS AND PROCEDURAL HISTORY

Petitioner challenges his October 24, 2006, conviction on one count of possession of drugs in the Gallia County Court of Common Pleas. (*See generally* Doc. 1). The procedural history of this case is detailed in Petitioner's prior federal habeas corpus petition challenging this same conviction, *see Sowards v. Attorney Gen. of the State of Ohio*, Case No. 2:11-cv-954, but is summarized briefly as follows.

After a jury convicted Petitioner, the trial court imposed a sentence of eight years imprisonment. The appellate court affirmed the judgment of the trial court, *State v. Sowards*,

No. 06CA13, 2007 WL 2729848, at *1 (Ohio Ct. App. Sept. 17, 2007), and the Supreme Court of Ohio denied leave to appeal on February 6, 2008. On October 6, 2008, the United States Supreme Court likewise declined to review Petitioner's case. *Sowards v. Ohio*, No. 07-1398.

Through counsel, Petitioner then pursued state post-conviction relief. The trial court denied relief, and, on March 31, 2011, the appellate court affirmed the trial court's decision denying Petitioner's post-conviction petition. On September 21, 2011, the Supreme Court of Ohio declined jurisdiction and later denied Petitioner's motion for reconsideration as well.

On October 24, 2011, Petitioner filed his first federal habeas corpus petition. He asserted that his sentence violated Ohio law because the verdict form signed by the jury did not state either the degree of the offense or any aggravating element as required under Ohio Revised Code § 2945.75(A)(2). As a result, Petitioner argued that he could be found guilty of only the least degree of the offense charged, or a minor misdemeanor offense pursuant to § 2925.11(C)(3)(a). Petitioner further asserted that his sentence violated due process, the Sixth Amendment, and *Blakely v. Washington*, 542 U.S. 296 (2004). Specifically, he claimed that he had been denied effective assistance of counsel because his attorney failed to object to the verdict form. On September 13, 2012, this Court dismissed that action as procedurally defaulted. *Sowards v. Attorney Gen. of Ohio*, No. 2:11-cv-954, 2012 WL 1365728 (S.D. Ohio Apr. 19, 2012), *report and recommendation adopted*, 2012 WL 4051238 (S.D. Ohio, Sept. 13, 2012).

Meanwhile, Petitioner returned to the state courts and, on May 14, 2012, filed an application to reopen his case pursuant to Ohio Appellate Rule 26(B). The state appellate court reopened the appeal but affirmed Petitioner's conviction on July 18, 2013. *State v. Sowards*, No. 06CA13, 2013 WL 3895484 (Ohio Ct. App. 2013).

Petitioner appealed, and the Supreme Court of Ohio remanded the case for application of *State v. McDonald*, 137 1 N.E. 2d 374 (Ohio 2013). *State v. Sowards*, 137 Ohio St.3d 1440 (Ohio 2013); (Doc. 6-1, PageID# 136). On remand, the appellate court again affirmed Petitioner's conviction. (Doc. 6-1, PageID# 132-35). Petitioner appealed, but the Supreme Court of Ohio declined to accept the appeal and then denied his motion for reconsideration. *State v. Sowards*, 142 Ohio St. 3d 1449 (Ohio 2015); *State v. Sowards*, 143 Ohio St. 3d 1407 (Ohio 2015). Petitioner next attempted to have the state appellate court certify a conflict, but the court denied Petitioner's motion (Doc. 6-1, PageID# 201); and, on March 9, 2016, the Supreme Court of Ohio declined to hear that appeal. (Doc. 6-14, PageID# 233).

On October 1, 2016, Petitioner filed the instant federal habeas corpus petition. Petitioner asserts that his conviction violates his right to a jury trial under *Apprendi v. New Jersey*, 530 U.S. 466 1990), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Ring v. Arizona*, 536 U.S. 584 (2002). In particular, he claims that he may be sentenced only for a minor misdemeanor offense because the verdict form in his case did not set forth the degree of the offense or indicate a statement that an aggravating element was found. (Doc. 1 at 13).

II.    DISCUSSION

As discussed, Petitioner raised this same issue in his prior habeas corpus petition. Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The

Sixth Circuit, in turn, will authorize the filing of a successive petition only if the petitioner establishes either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review, or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty.  28 U.S.C. 21 2244(b)(2).

Petitioner argues that this Petition is not successive because the Court dismissed his prior habeas corpus petition as unexhausted based on his failure to pursue an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  (Doc. 11, PageID# 249-50).  However, this Court expressly dismissed Petitioner's prior federal habeas corpus petition on the basis of procedural default:

> Petitioner does not dispute (and on the record before this Court clearly could not dispute) that the issues he raises in his habeas petition were not raised on direct appeal. Further, when petitioner attempted to raise the issues in his motion to vacate, both the state trial and appellate courts enforced the state procedural rule that such claims were only appropriately raised on direct appeal and were therefore barred by the doctrine of *res judicata.* The United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata* is an adequate ground for denying federal habeas relief. *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). Further, the doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused to review the merits of claims in reliance on that doctrine. *See State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail,* 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

*Sowards v. Attorney Gen. of Ohio*, No. 2:11-CV-954, 2012 WL 1365728, at *10 (S.D. Ohio Apr. 19, 2012), *report and recommendation adopted*, No. 2:11-CV-954, 2012 WL 4051238 (S.D. Ohio Sept. 13, 2012).

Even more explicitly, the Court stated that "[d]espite petitioner's strenuous efforts in arguing that he has suffered a serious injustice which must be remedied under basic constitutional principles, the undisputed fact of his procedural default is quickly dispositive of his petition." *Id.* at *11. And in adopting the Magistrate Judge's report and recommendation, the District Court expressly noted that "there also is no question here that the ineffective assistance of appellate counsel claim was itself procedurally defaulted and, therefore, cannot establish cause to excuse the default of Mr. Sowards' other claims." *Sowards*, 2012 WL 4051238, at *6 (citing *Edwards v. Carpenter*, 529 U.S. 446 (2000) (holding that a defaulted ineffective assistance of counsel claim cannot be used to establish procedural default)).

When a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, that dismissal is considered "on the merits" for purposes of AEDPA. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding "that because [Petitioner's] initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' [the] current application is a 'second or successive habeas corpus application' under § 2254(b)"). In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. Accordingly, the Petition here is successive within the meaning of 28 U.S.C. § 2244, and this Court lacks jurisdiction to entertain the claims presented in the Petition absent authorization by the United States Court of Appeals for the Sixth Circuit.

### III. RECOMMENDED DISPOSITION

The Magistrate Judge therefore **RECOMMENDS** that Respondent's Motion to Transfer Second or Successive Petition (Doc. 6) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**Procedure on Objections**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) ("[F]ailure to object to the magistrate judge's recommendations constituted a waiver of [the] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  October 12, 2016                        /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE