**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM S. SOWARDS,**

      **Petitioner,**

      **v.**

**GARY C. MOHR, et al.,**

      **Respondent.**

            **CASE NO. 2:16-CV-00329**
            **JUDGE MICHAEL H. WATSON**
            **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On October 12, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 13, recommending that Respondent's Motion to Transfer Second or Successive Petition, ECF No. 6, be granted and that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner filed an Objection to the R&R. ECF No. 14.

For the reasons that follow, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** and **AFFIRMS** the R&R, **GRANTS** Respondent's Motion to Transfer Second or Successive Petition, and **TRANSFERS** this action to the United States Court of Appeals for the Sixth Circuit as a successive petition.

### I.    BACKGROUND

The facts of this case are set forth in more detail in the R&R. To summarize those facts: Petitioner challenges his October 24, 2006, conviction after a jury trial in the Gallia County Court of Common Pleas on one count of possession of drugs. He was sentenced to a term of eight years' incarceration. Petitioner asserts that his conviction violates *Blakely v. Washington*, 542 U.S. 296 (2004), because the verdict form did not

set forth the degree of the offense charged or include a statement indicating that an aggravated element had been found. Petitioner raised this same claim in a prior federal habeas corpus petition ("First Petition"). *See Sowards v. Attorney General of Ohio*, No. 2:11-cv-954, 2012 WL 1365728 (S.D. Ohio April 19, 2012), *Report and Recommendation adopted*, 2012 WL 4051238 (S.D. Ohio Sept. 13, 2012).

On September 13, 2012, this Court dismissed the First Petition because Petitioner failed to establish cause and prejudice for his procedural default. *See id*. Petitioner subsequently returned to the state courts and applied to reopen his appeal pursuant to Ohio Appellate Rule 26(B). Upon the completion of those proceedings, Petitioner filed the instant habeas corpus petition.

The Magistrate Judge recommended that this case be transferred to the Sixth Circuit as successive. In the R&R, the Magistrate Judge noted that the Court "expressly dismissed Petitioner's [First Petition] on the basis of procedural default." R&R, ECF No. 13, at 4. The Magistrate Judge further noted that the Court found the ineffective assistance of appellate counsel claim itself procedurally defaulted, such that ineffective assistance of counsel could not establish cause to excuse the default of Petitioner's other claims. *See id*. at 5. Because a dismissal based on procedural default "is considered 'on the merits' for purposes of the AEDPA," *id*. (citing *In re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000)), the Magistrate Judge found that the petition in this case is successive within the meaning of 28 U.S.C. § 2244.

Petitioner objects to this recommendation. He argues that this action does not constitute a successive petition because he has now exhausted his claim of the denial of the effective assistance of appellate counsel, thereby establishing cause and

2

prejudice for his procedural default. According to Petitioner, the Court dismissed the First Petition without prejudice as unexhausted, and then denied his request for a certificate of appealability thereby denying him due process. Petitioner further argues that the state courts have improperly denied his claims. He contends that the denial of this action will unjustly require him to begin to serve the eight year sentence imposed by the state trial court in this case. Petitioner requests a hearing on this basis.

The Court proceeds to address Petitioner's arguments.

## II.   ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having conducted a *de novo* review of the R&R, the Court is not persuaded by Petitioner's arguments. The Court agrees with the Magistrate Judge that it unequivocally dismissed the First Petition as procedurally defaulted. Specifically, the Court concluded that Petitioner had procedurally defaulted all of his claims, including his claim of the denial of the effective assistance of appellate counsel, which therefore could not constitute cause for the procedural default of his other underlying claims for relief. *See Sowards*, 2012 WL 1365728, at *11–12; 2012 WL 4051238, at *7. Although the state appellate court thereafter reopened Petitioner's appeal and affirmed his convictions, see *State v. Sowards*, No. 06CA13, 2013 WL 3895484 (Ohio App. 4th Dist.

3

July 18, 2013), *cause remanded by State v. Sowards*, 137 Ohio St. 3d 1440 (2013),[1]

this does not change the fact that this Court dismissed Petitioner's prior federal habeas

corpus petition challenging his same conviction and raising identical claims with

prejudice on the basis of procedural default.  Therefore, this Court concludes that this

action constitutes a second or successive petition within the meaning of 28 U.S.C. §

2244 and this Court lacks jurisdiction to entertain Petitioner's claims absent

authorization by the United States Court of Appeals for the Sixth Circuit.  *See Warren v.

Burt,* No. 1:13-cv-570, 2013 WL 3014161, at * 2 (W.D. Mich. June 17, 2013) (citing *In re

Cook*, 215 F.3d 606, 608 (6th Cir. 2000)).[2]  The Court finds no error by the Magistrate

Judge in this regard.

Petitioner next requests that the Court issue a certificate of appealability.  "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus

in federal court holds no automatic right to appeal from an adverse decision by a district

court."  *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. §

2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order

---

[1] As discussed in the R&R,  the Ohio Supreme Court remanded the case for application of *State v. McDonald*, 137 Ohio St.3d 517 (Ohio 2013); however, on remand, the appellate court again affirmed Petitioner's conviction.  *Entry on Remand from the Ohio Supreme Court* (ECF No. 6-1, PageID# 132–35.) In so doing, the state appellate court noted as follows:

> In the case at bar, the October 27, 2006 verdict form explicitly states that the jury found appellant "Guilty of Possession of Drugs in a manner and form as he stands *charged in the Indictment*."  (Emphasis added.)  Although the body of the form does not specify which count of the indictment, that information is set out in the title of the verdict which states "COUNT ONE POSSESSION OF DRUGS[.]"  We also hasten to add that count one of the indictment specifies that appellate was charged with the possession or use of Marijuana "in an amount exceeding twenty thousand grams" and that the charge was "[a] felony of the second degree."

*Sowards*, 2013 WL 3895484, at *2 (footnote omitted).

[2] Although not relevant to the Court's determination of whether this action is successive, Rule 22 of the Federal Rules of Appellate Procedure provides that, if a district judge denies a request for a certificate of appealability, "the applicant may request a circuit judge to issue it."  Fed. R. App. Pro. 22(b)(1).

to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added) Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Here, the Court finds that reasonable jurists would not debate whether this action constitutes a successive petition. It therefore **DENIES** Petitioner's request for a certificate of appealability.

III.    **CONCLUSION**

For the foregoing reasons, Petitioner's Objection, ECF No. 14, is **OVERRULED**. The R&R, ECF No. 13, is **ADOPTED** and **AFFIRMED**.  Respondent's Motion to Transfer Second or Successive Petition, ECF No. 6, is **GRANTED**.  This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.  Petitioner's request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

MICHAEL H. WATSON
United States District Judge